Laurin D. Quiat, Bar No. 14687 (*pro hac vice*)
lquiat@bakerlaw.com
Sammantha J. Tillotson Bar No. 50267 (*pro hac vice*)
stillotson@bakerlaw.com
**BAKER & HOSTETLER LLP**
1801 California St., Suite 4400
Denver, CO 80202
Telephone: 303.861.0600
Facsimile: 303.861.7805

Robert W. Hernquist, Nevada Bar No. 10616
rhernquist@howardandhoward.com
**HOWARD & HOWARD**
3800 Howard Hughes Pkwy, Ste 1000
Las Vegas, NV 89169
Telephone: 702.667.4834
Facsimile: 702.567.1568

*Attorneys for Defendant*
*Aspen Pumps, Inc.*

**Steven E. Guinn**
sguinn@laxalt-nomura.com
**Roger Michael O'Donnell**
rodonnell@laxaltlaw.com
Laxalt Law Group
9790 Gateway Dr., Ste. 200
Reno, NV 89521
775-322-1170
775-322-1865 (fax)

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BROTHERHOOD MUTUAL INSURANCE COMPANY, as Subrogee of GRACE COMMUNITY CHURCH OF RENO<br><br>Plaintiff,<br><br>v.<br><br>ASPEN PUMPS; and DOE DEFENDANTS 1-10,<br><br>Defendants. | Case No.:<br>3:24−CV−00037−ART−CSD<br><br><br>**STIPULATED PROTECTIVE ORDER AND CLAW BACK AGREEMENT** |

During the course of this litigation, the parties or others may produce documents and information that constitute trade secrets or confidential financial, customer, development, business, or information that is otherwise confidential or of a personal nature. For good cause shown, the parties and their respective counsel stipulate to be governed by the following terms and conditions concerning confidential information in the above-captioned lawsuit and request that the Court enter this stipulation as a general protective order pursuant to Fed. R. Civ. P. 26(c).

**A.** **DEFINITIONS**

The terms defined below shall have the meaning provided. Defined terms may be used in the singular or plural.

1. "**Producing Party**" means the party, entity, or person who produces or who is asked to produce documents or information that one of the parties may deem Confidential Information.

2. "**Receiving Party**" means the party receiving or requesting production of documents or information that one of the parties may deem Confidential.

3. "**Designating Party**" means the party, entity, or person who wishes to designate any document or information as Confidential Information.

4. "**Non-Designating Party**" means any party to this Litigation other than the party, entity, or person who wishes to designate any document or information as Confidential Information.

5. The "**Litigation**" means the lawsuit captioned above, including all discovery proceedings, hearings, preparation and pre-trial, trial, and post-trial activities related thereto.

6. **"Litigation Documents"** includes pleadings; motions; affidavits and related documents; answers to interrogatories; documents produced or exchanged in the course of discovery, settlement negotiations, trial preparation, or trial; and transcripts of testimony given in depositions, in hearings, or at trial.

7. **"Confidential Information"** means all information, whether or not embodied in a document or other physical medium, including, but not limited to, business information or data and confidential, private, or personal information relating to any party, which the Designating Party believes in good faith reflects information that would not normally be revealed to third parties except in confidence, or has undertaken with others to maintain in confidence. Confidential Information includes any data, summary, abstract, compilation, or information obtained, derived, or generated from Confidential Information. Any party may dispute the designation of any document or information as Confidential Information, and if the court declines to seal any document or information designated as Confidential Information, that document or information shall lose its designation as Confidential Information.

B. **INSPECTION OF INFORMATION**

1. Each person to whom Confidential Information is disclosed or made available, including experts or consultants, shall first be advised of the existence and the contents of this Protective Order.

2. Confidential Information may only be inspected by or revealed to the following:

    a. The Court, court personnel, court reporters reporting during deposition, hearing, or trial testimony, jury, and / or mediator;

    b. Any counsel at the respective firms representing the parties in this Litigation who are working on the file, any employees who

      provide assistance for purposes of discovery, preparation for trial, and / or trial of this case, as well as persons or agents employed by them and / or under contract with said counsel;

  c. A party and designated representatives of a named party who is an entity directly involved in the handling and / or administration of the Litigation or who, in the good faith judgment of the party's counsel, needs to have access to Confidential Information for a legitimate need. Each party's counsel shall take reasonable steps to assure that Confidential Information is not disclosed to other corporate employees;

  d. Independent experts retained by the parties in connection with this Litigation who have a legitimate need to review such Confidential Information for purposes of this Litigation;

  e. Witnesses from whom any counsel of record deems it necessary to obtain testimony related to the Confidential Information for this Litigation. No copies of Confidential Information shall be retained by any such witness.

  f. Any person who is designated to receive Confidential Information by court order or agreement of the parties.

**C.** **USE OF INFORMATION**

 1. Confidential Information shall be used solely for the purposes of this Litigation and as permitted by and subject to this Protective Order. Unless required by law, Confidential Information may not be used for other purposes or in any matter, controversy, mediation, arbitration, or litigation now pending or later filed other than this Litigation.

 2. If any party intends to file Confidential Information in an open court file (electronically or otherwise), the filing Party shall file the Confidential under seal pursuant to LR IA 10-5 and Federal Rule of Civil Procedure

5.2(d). The Designating Party shall file any motion required under LR IA 10-5.

3. The Court shall determine, at a later date and with the consultation of the parties' counsel, how to address the admission of Confidential Information offered during open Court proceedings. Before discussing the substance of any Confidential Information in any open Court proceeding, the party intending to use or introduce such information must first notify the Court and opposing counsel prior to the date of the proceeding of its intent to discuss such information so a procedure can be determined for introducing or discussing the same in open Court. Neither party shall disclose the substance of Confidential Information in open Court until the Designating Party has been given the opportunity to object or take the necessary measures to safeguard the confidentiality of such information and obtain a ruling from the Court. There shall be no mention to the jury of the fact of designation under this Protective Order of a document, court paper, or testimony as Confidential Information.

D. **DESIGNATION OF INFORMATION**

1. The Producing Party shall clearly mark or designate in writing any Litigation Document to be treated as Confidential Information under the terms of this Protective Order. To the extent possible, such designation shall be made at the time of production or disclosure. Inadvertent failure to designate materials as Confidential Information at the time of production may be remedied by supplemental written notice given by the Producing Party. Upon receipt of such notification, all documents, materials, or testimony so designated or re-designated shall be fully subject to this Protective Order as if initially so designated and may be re-marked and re-produced by the Producing Party. The Receiving Party

shall incur no liability for any previous treatment of such information in conformance with its original designation. The Receiving Party shall make a reasonable and good faith effort to ensure that any analyses, memoranda, or notes which were internally generated based upon such information shall immediately be treated in conformance with any such designation or re-designation.

2. Any party may designate all or any portion of testimony given at a deposition, or documents attached as exhibits to a deposition, as Confidential Information by indicating on the record at the deposition that the testimony is Confidential Information. The Designating Party will act in good faith designating information as Confidential Information, and any dispute regarding said designation will be resolved in accordance with the provisions of this Protective Order.

3. Persons may be deposed regarding Confidential Information of which they have knowledge or that reasonably relates to their deposition testimony. If any Confidential Information is to be used or discussed in a deposition, any party shall have the right to exclude from attendance during such portions of the deposition involving Confidential Information any person other than the deponent and the persons identified in Section B.2.

4. Any document or testimony that is designated as Confidential Information which is revealed by or included in any discovery proceeding (whether formal or informal and whether in the form of depositions, transcripts, discovery answers, or document production) or in any hearing, motion, pleadings, affidavits, briefs or other documents submitted to this Court during pretrial and trial matters, shall be subject to this Protective Order.

5. Any party who seeks to file documents or information designated as Confidential Information with the court during the course of this Litigation shall file the document or information as a level 1 restricted document. If the Designating Party would like the information to maintain its designation as Confidential Information, they shall file a motion to restrict the Confidential Information pursuant to LR IA 10-5. If the Designating Party fails to file a motion to restrict pursuant to LR IA 10-5 or if the court denies such motion, the Confidential Information shall lose its designation as Confidential Information and no longer be subject to this Protective Order.

E. **OBJECTION TO DESIGNATION**

1. If any party disagrees with the designation of any information as Confidential Information, the material so designated shall nonetheless be treated as such unless and until the Designating Party agrees, the Designating Party fails to file a motion to restrict the Confidential information pursuant to LR IA 10-5, the Court denies a motion to restrict the Confidential Information, or the Court orders that the Confidential Information designation shall be removed.

2. Any party who wishes to contest the designation of any information as Confidential Information shall, in writing, at any time, inform counsel for the Designating Party of its objection to the designation. If the parties are unable to resolve the matter informally within fourteen (14) days, the objecting party may move the Court to exclude such a document from this Protective Order.

F. **RETURN OF INFORMATION**

1. The Protective Order shall remain in effect after the final termination of this Litigation, and all parties, entities, and individuals in possession of or with access to any Confidential Information shall continue to abide by this Protective Order.

2. Within forty-five (45) days after the final termination of this Litigation, whether by settlement, judgment, or decision on appeal, all originals and copies of Confidential Information shall be returned to the Producing Party, unless otherwise agreed to between the parties, together with all documents containing data or information obtained, derived, or generated therefrom. In the alternative, the parties' counsel may destroy any Confidential Information, together with all documents containing data or information obtained, derived, or generated therefrom, through the normal course of the policies of either firm in possession of such Confidential Information.

3. Notwithstanding the above, nothing in this Protective Order shall prevent counsel for each of the parties from maintaining their litigation files and the contents thereof, including deposition transcripts, deposition videos, pleadings, and documents produced in this Litigation.

4. If any Confidential Information or data obtained, derived, or generated therefrom, is sought in any other judicial or administrative proceeding or otherwise, the party who receives the request for the information agrees to make reasonable, good faith efforts to notify Designating Party in writing within fourteen (14) days of receiving the request or order for such information, so as to permit the Designating Party to seek a protective order from the appropriate court or take other appropriate action.

G. **NO WAIVER**

1. Nothing in this Protective Order shall be construed as a waiver by any party of its right to object to the subject matter of any discovery request made in this action. The entry of this Protective Order shall not be construed as an agreement by any party to produce any document or supply any information and shall not constitute an admission that any

designated material is relevant in any way to the issues raised in the Litigation or as a waiver of any privilege with respect thereto. Nothing contained in this Protective Order and no designation as Confidential Information shall be construed as a finding (preliminary or otherwise) that any information designated or protected by this Protective Order does or does not constitute confidential, proprietary, or trade secret information.

2. Neither the provisions of this Protective Order nor any disclosure by a party pursuant to this Protective Order shall constitute waiver (at any time or in any litigation relating to the matters referenced herein or otherwise) of any attorney-client privilege, work product doctrine, or any other privilege.

3. No use by any party of any Confidential Information or documents or any information contained therein or derived therefrom shall abrogate any of the provisions of this Protective Order with respect to such Confidential Information or documents or any information contained therein or derived therefrom.

## H. PRIVILEGE CLAW BACK

The parties recognize that they may be required to produce large volumes of documents and, to comply with discovery deadlines in this proceeding, wish to complete discovery as expeditiously as possible, while preserving and without waiving any protections or privileges from disclosure or discovery applicable to the information contained in the documents produced. Accordingly, the parties hereby stipulate to, and the Court hereby orders as follows:

1. The inadvertent disclosure or production of documents or portion thereof subject to a legally recognized claim of privilege or protection from disclosure or discovery, including without limitation the attorney-client privilege, work-product doctrine, and spousal privilege, by one

party to another party during the course of discovery in this case, shall in no way constitute the voluntary disclosure of such document or portion thereof.

2. The inadvertent disclosure or production of any document or portion thereof in this case shall not result in the waiver of legally recognized claim of protection or privilege from disclosure or discovery associated with such document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

3. If it appears to the Receiving Party in the ordinary course of inspection and review that a document produced by a Producing Party is subject to a legally recognized claim of protection or privilege from disclosure or discovery, the Receiving Party shall notify the producing party within five (5) business days of discovering the potentially privileged document or portion thereof. The notice need not specify the precise privilege or protection suspected or identified, but must specifically identify the documents or portions thereof over which there may be a potential for privilege or protection. The identification of such potential privilege or protection shall not waive any argument by the Receiving Party that no privilege or protection applies. Within ten (10) days of receiving notice from the Receiving Party, the Producing Party may then serve a notice as described in Paragraph I.4 below upon the Receiving Party. Prior to receipt of the notice specified in Paragraph I.4, the Receiving Party must sequester and may not use or disclose the identified documents or any portion thereof for any purpose until the claim of privilege or protection is resolved as provided herein. If the Producing Party timely serves such notice within ten (10) days, the claim shall be resolved in the manner specified in the remainder of this

Paragraph I. If the Producing Party fails to serve such notice within ten (10) days, the Producing Party shall be deemed to have waived any claim of privilege or protection as to the documents or portions thereof identified by the Receiving Party and the Receiving Party may use the documents or portions thereof as if they were not subject to the asserted privilege or protection from disclosure. The waiver provided in this paragraph shall apply only to the specific documents or portions thereof identified and shall not operate as a subject matter waiver of any kind. Notwithstanding this provision, the Receiving Party is under no obligation to search or review the Producing Party's documents to identify potentially protected documents or to otherwise notify the Producing Party of and production of documents that may be potentially protected.

4. If a Producing Party becomes aware that it inadvertently produced a document or portion thereof subject to a legally recognized claim of protection or privilege from disclosure or discovery, the Producing Party may serve upon the Receiving Party a notice specifically identifying by Bates number each document or page thereof claimed to be inadvertently produced. The notice shall describe with particularity and with citations to applicable authority the documents or portion thereof claimed to be subject to a legally recognized claim of protection or privilege from disclosure or discovery.

5. Upon the Receiving Party's receipt of a written notice pursuant to Paragraph I.4 above, the Receiving Party must sequester and may not use or disclose the identified documents or any portion thereof for any purpose until the claim of privilege or protection is resolved as provided herein. To the extent that the information contained in a privileged document has already been used in or described in other documents

generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party, the Receiving Party must sequester and may not use or disclose such additional documents for any purpose until the claim of privilege or protection is resolved as provided herein. If the Receiving Party has already disclosed any documents or portions thereof prior to receipt of notice of inadvertent production, it must take reasonable steps to retrieve that information as promptly as practicable.

6. The Receiving Party shall have ten (10) days from receipt of notification of the inadvertent production to determine in good faith whether to contest such claim and to notify the Producing Party in writing of an objection to the claim of privilege or protection and the grounds for that objection.

7. Within ten (10) business days of receipt of an objection from the Receiving Party, the Producing Party may move the Court for a determination of the claim of privilege or protection in accordance with applicable Local Rules and Court procedures. The Producing Party shall provide the Court with the grounds for the asserted privilege or protection, including citation to applicable authority, as to each separate document or portion thereof. Until the Court rules as to whether any disputed document is a protected document, the Receiving Party may not use or disclose it for any purpose. If the Producing Party fails to move the Court for a determination within ten (10) days of receipt of the Receiving Party's objection, the Producing Party shall be deemed to have waived the specific claims of privilege or protection asserted and the Receiving Party may use the documents or portions thereof as if they were not subject to the asserted privilege or protection from disclosure. The waiver provided in this paragraph shall apply to only to the specific

documents or portions thereof identified and shall not operate as a subject matter waiver of any kind.

8. The applicability of privileges and other protections from disclosure or discovery under this Paragraph I shall be determined in accordance with Nevada law, except that Nevada law on waiver of privileges or protections shall not apply due to the anti-waiver provisions of this Paragraph I. This paragraph shall not be deemed to create any protections except those otherwise recognized under Nevada law.

Dated: September 4, 2024

SO ORDERED:

_____
Honorable Craig S. Denney
United States Magistrate Judge

**APPROVED:** September 3, 2024

/s/ Steven E. Guinn
Steven E. Guinn
Roger Michael O'Donnell
Laxalt Law Group
9790 Gateway Dr., Ste. 200
Reno, NV 89521
775-322-1170
775-322-1865 (fax)
sguinn@laxalt-nomura.com
rodonnell@laxaltlaw.com

*Attorney for Plaintiff*

*/s/ Laurin D. Quiat*
Laurin D. Quiat (*Pro Hac Vice*)
Sammantha J. Tillotson (*Pro Hac Vice*)
Baker & Hostetler
1801 California Street, Suite 4400
Denver, CO 80202-2662
303.861.0600
lquiat@bakerlaw.com
stillotson@bakerlaw.com

Robert W. Hernquist,
Nevada Bar No. 10616
Howard & Howard
3800 Howard Hughes Parkway,
Suite 1000
Las Vegas, Nevada 89169

*Attorneys for Defendant
Aspen Pumps, Inc.*