UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BROTHERHOOD MUTUAL INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>    v.<br><br>ASPEN PUMPS,<br><br>            Defendant. | Case No. 3:24-cv-00037-ART-CSD<br><br>ORDER |

This case arises from a fire at Grace Community Church of Reno on September 27, 2020. Plaintiff Brotherhood Insurance Company sued Defendant Aspen Pumps, Inc. alleging that the fire started in a condensate pump manufactured by Defendant. (ECF No. 1-1.) On May 13, 2025, the Court heard oral argument on several pending motions: Plaintiff's motion in limine to exclude Defendant's expert reports (ECF No. 35); Defendant's motion to strike Plaintiff's reply (ECF No. 52); Plaintiff's motion for summary judgment (ECF No. 37); and Defendant's motion for partial summary judgment (ECF No. 61). For the following reasons, the Court denies all four motions.

**I.    DISCUSSION**

**A. Motion in Limine and Motion to Strike**

During discovery, both parties disclosed expert reports to support their theory of what caused the fire. Plaintiff disclosed an initial report by Michael J. O'Connor, an engineer. (ECF No. 35-1.) Defendant disclosed two rebuttal reports by Gerard Moulin, an engineer, and Steve Moore, a fire causation expert. (ECF No. 45-1.)

In its motion in limine, Plaintiff argues first that Defendant's disclosure was untimely because they did not consent to service via email. (*Id.* at 7.) Plaintiff disclosed its initial expert report by the deadline for initial expert disclosures of

1

1  August 23, 2024. (ECF No. 35 at 2.) Defendant disclosed its two rebuttal expert
2  reports via email on the deadline for rebuttal expert disclosures of September 27,
3  2024. (*Id.*) After Plaintiff raised the issue of email service, Defendant mailed those
4  reports to Plaintiff, who received them on October 3, 2024. (ECF No. 45 at 3.) As
5  Plaintiff conceded at oral argument, the issue of email service was previously
6  addressed by the Magistrate Judge, who noted that the parties had a prior
7  practice of conducting discovery via email. (ECF No. 60.) The Court adopts the
8  same analysis here and finds that Defendant's disclosure was timely.

9  Plaintiff next argues that Defendant's expert reports should have been
10 disclosed as initial reports rather than rebuttal reports. (ECF No. 35 at 8–10.)
11 Plaintiff argues that Mr. Moulin's report improperly advances "independent
12 theories of causation" and that Mr. Moore's report, because it relies in part on
13 Mr. Moulin's report, also improperly puts forth alternative theories of causation.
14 (*Id.* at 9–10.) Defendant responds that both reports are proper rebuttal reports
15 because contradict, rebut, and discuss the deficiencies in Mr. O'Connor's report.
16 (ECF No. 45 at 10–12.)

17 Rebuttal expert opinions are proper when they directly address and refute
18 the affirmative expert opinions on the same subject matter. *Baker v. SeaWorld*
19 *Entertainment, Inc.*, 423 F. Supp. 3d 878, 896 (S.D. Cal. 2019); *see also* F.R.C.P.
20 26(a)(2)(D)(ii). Rebuttal reports may respond to new unforeseen facts brought out
21 in the other side's case but cannot be used to advance new arguments or new
22 evidence. *Id.* "Rebuttal testimony is proper as long as it addresses the same
23 subject matter that the initial experts address." *Id.* (internal quotation marks and
24 citation omitted). However, "strict adherence to a rule that would require a
25 rebuttal expert to rely solely on material used by an initial, opposing expert is
26 inadvisable." *Freteluco v. Smith's Food & Drug Centers, Inc.*, 336 F.R.D. 198, 204
27 (D. Nev. 2020) (internal quotation marks and citation omitted).

28 Plaintiff's arguments that Defendant's reports are improper rebuttal

2

1  reports are unavailing. Plaintiff's expert report, by Mr. O'Connor, describes site
2  and laboratory observations and concludes that the fire started in the condensate
3  pump. (ECF No. 35-1 at 5.) Mr. Moulin's rebuttal report analyzes Mr. O'Connor's
4  methodology and conclusions and provides his opinion that the condensate
5  pump was not the cause of the fire. (ECF No. 45-1 at 9.) Mr. Moore's report also
6  discusses deficiencies in Mr. O'Connor's methodology, concluding that Mr.
7  O'Connor's "conclusions are replete with expectation bias and confirmation bias."
8  (ECF No. 45-1 at 53.) Both reports directly refute and address the same subject
9  matter as Mr. O'Connor's report.

10  Because Plaintiff's motion fails to demonstrate that Defendant's expert
11  reports were untimely or improper, the Court denies Plaintiff's motion in limine
12  to exclude Defendant's expert reports. (ECF No. 35.) That conclusion moots
13  Defendant's motion to strike Plaintiff's reply. (ECF No. 52.)

### B. Plaintiff's Motion for Summary Judgment

15  At oral argument, Plaintiff conceded that its motion for summary judgment
16  could only be successful if its motion in limine were granted. Because the Court
17  denies Plaintiff's motion in limine, Plaintiff's motion for summary judgment is
18  also denied. (ECF No. 37.)

### C. Defendant's Motion for Partial Summary Judgment

20  Defendant moves for summary judgment on Plaintiff's manufacturing
21  defect, design defect, and failure-to-warn product liability theories. (ECF No. 61
22  at 7.) It does not seek summary judgment on Plaintiff's other claims (negligence
23  and implied warranty of merchantability). (*Id.* at 2.) It seeks to narrow Plaintiff's
24  product liability claim to an "unexpected, dangerous malfunction theory." (*Id.*)
25  Plaintiff does not object to summary judgment on the failure to warn theory but
26  argues that factual issues remain which preclude summary judgment on its
27  manufacturing defect and design defect theories of liability. (ECF No. 62.) The
28  Court agrees.

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). The Court views the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

To show strict product liability in Nevada, a plaintiff must demonstrate that "(1) the product at issue was defective, (2) the defect existed at the time the product left the manufacturer, and (3) the defect caused the plaintiff's injury." *Ford Motor Co. v. Trejo*, 402 P.3d 649, 653 (Nev. 2017). "A plaintiff may bring a strict product liability claim on the theory of defect by failure to warn, defect by design, or defect by manufacturing." *Underwood v. O'Reilly Auto Parts, Inc.*, 699 F. Supp. 3d 1049, 1058 (D. Nev. 2023). In some cases, "proof of an unexpected, dangerous malfunction may suffice to establish a prima facie case for the plaintiff of the existence of a product defect." *Stackiewicz v. Nissan Motor Corp. in U.S.A.*, 686 P.2d 925, 928 (Nev. 1984). "The *Stackiewicz* rule, which is a type of burden shifting mechanism, places the burden of showing a malfunctioning product was *not* designed or manufactured defectively on the manufacturer because they, rather than the consumer, are in the best position to understand and ensure the

safety of the product." *Prall v. Ford Motor Co.*, No. 214CV001313MMDGWF, 2017 WL 361545, at *6 (D. Nev. Jan. 24, 2017).

Defendant requests summary judgment on Plaintiff's design and manufacturing theories, but both of those theories are subject to the *Stackiewicz* rule. In requesting that the Court grant summary judgment on all theories *except* the "unexpected, dangerous malfunction theory," which comes from *Stackiewicz*, Defendant is necessarily allowing Plaintiff's design and manufacturing theories to proceed. (ECF No. 61 at 2; *see* ECF No. 62 at 6.) As the court explained in *Prall*, the *Stackiewicz* rule is a method of proving manufacturing defect or design defect. The Court therefore denies Defendant's request for summary judgment on those theories.

Because Plaintiff concedes that it is not advancing a failure to warn theory, the Court grants Defendant's motion for partial summary judgment only insofar as it requests summary judgment on that theory of strict product liability.

## II.     CONCLUSION

The Court therefore orders that Plaintiff's motion in limine (ECF No. 35) is denied.

Defendant's motion to strike (ECF No. 52) is denied as moot.

Plaintiff's motion for summary judgment (ECF No. 37) is denied.

Defendant's motion for partial summary judgment (ECF No. 61) is granted as to the failure-to-warn theory and denied in all other respects.

DATED: May 19, 2025

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

5